O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

On November 12, 2008, Plaintiffs Ruth Jones and Robert Jones filed suit against Defendant County of Los Angeles ("County") alleging six causes of action under 42 U.S.C. § 1983 and state tort law in connection with the warrantless detention of Plaintiffs and search of Plaintiffs' residence. On March 25, 2009, Plaintiffs filed their First Amended Complaint ("FAC"), which added as defendants the individual sheriff's deputies involved in the incident—David Patterson, Richard Morgan, John Coffeen, Micah Currado, and Billy Cox. On September 11, 2009, Defendants County of Los Angeles, David Patterson, John Coffeen, Billy Cox, and Micah Currado moved for summary judgment or alternatively for summary adjudication. The additional defendant, Richard Morgan, has not joined in this motion.[1] For the following reasons, the Court GRANTS IN PART AND DENIES IN PART the motion.[2] The Court **DENIES** the motion as to claims one and three (as to Ruth Jones)—for violation of Plaintiffs' Fourth Amendment rights under 42 U.S.C. § 1983 and for false arrest (as to Ruth Jones)—but **GRANTS** it as to claims two, three (as to Robert Jones), four, five, and six—the remainder of the state tort law claims.

## II. SUMMARY OF THE FACTS

---

[1] In fact, it appears that Plaintiffs are not pursuing any claims against him.

[2] Docket No. 21.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

    The facts are largely undisputed. On November 28, 2007 at approximately 5:22 p.m., an armed robbery involving a handgun was committed at the Cigs Two convenience store by two or three black males. Defendants' Proposed Statement of Uncontroverted Facts ("SUF") ¶¶ 3-4. These individuals took approximately $700.00 in cash from the cash register and may have taken cartons of cigarettes from a storage room. SUF ¶ 5. A witness in the neighborhood, Janet Jacobson, saw two black males jump over her rear wall (which connects to the parking lot of Cigs Two), cross her yard, and enter a white van that was parked in front of her house. SUF ¶¶ 7-9. This witness observed the van for approximately 13-14 seconds before and as it drove away. SUF ¶ 12. The witness described the van to defendant Deputy Cox as white, with multi-colored pin-striping on the sides and a ladder on the back cargo doors. SUF ¶¶ 10, 13. The witness now recalls that the van did not have a spare tire attached to the back of it, but neither she nor Deputy Cox can recall whether she related this detail to him at the time. Plaintiffs' Statement of Undisputed Facts ("SGI") ¶ 11.

    Approximately two hours after the robbery, at 7:45 p.m., defendant Deputy Patterson saw a van that matched this description parked in front of Plaintiffs' house. SUF ¶¶ 15, 20. Plaintiffs' residence is less than four miles away from Cigs Two. SGI ¶ 16. Ms. Jacobson, the van witness, was brought to the scene and positively identified the van as the one she had seen after the robbery. SUF ¶¶ 18-19.[3] Meanwhile, the officers had established a police presence in the area around the van and residence. SGI ¶ 18. Deputy Patterson ran the license plate of the van and found that it was registered to Plaintiff Robert Jones at the address where it was parked. SUF ¶¶ 20-21.

    The officers on the scene then surrounded the house, covering the three exits to the residence. SGI ¶¶ 23-24. They did not observe anything consistent with the distress of any person, the destruction of evidence, or anyone attempting to leave the house or van.

---

    [3]Plaintiffs offer evidence to show that this could not possibly have been the van used in the robbery, including that leaves and spider webs had accumulated around the wheels, indicating that it had not been moved in days. SGI ¶ 15. However, the only evidence of these leaves and spider webs is in Plaintiff Robert Jones's declaration and not in the photographs of the van, which were taken after it was impounded. Plaintiffs' Ex. E. This is insufficient to create a genuine issue of material fact as to whether it was reasonable to conclude this was the same van.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

SGI ¶ 51. Once the residence was contained, at 8:00 p.m., Deputy Patterson used the public announcement system on his police car to order the Plaintiffs out of their home. SUF ¶ 26, 28. Three individuals exited the home—Plaintiff Ruth Jones, an older African-American female; Plaintiff Robert Jones, an older African-American male; and Christopher Tatum, a younger African-American male. SGI ¶ 27, Plaintiffs' Ex. Q. The officers handcuffed these three individuals and escorted them to separate police cars for detention. SUF ¶ 29, Plaintiff's Ex. T. Then, the officers conducted a protective sweep of Plaintiffs' residence, which is a procedure used by the Sheriff's Department to look for suspects, victims, or contraband. SUF ¶ 29-30. At no point did the officers obtain a warrant to search Plaintiffs' house, despite knowing that a procedure was available for them to obtain such warrants in the field. SGI ¶¶ 48, 50.

The Cigs Two clerk, Nora Eckley, was brought to the location to determine if the male individuals were the ones who had robbed her store. SUF ¶ 31. After she indicated that Robert Jones was not involved in the robbery, he and Ruth Jones were released. SUF ¶¶ 32-33. Ruth Jones complained of chest pains and shortness of breath, and Defendant Deputy Currado contacted an ambulance to take her to the hospital. SUF ¶¶ 34-37. She also claims that she suffered a lacerated knee during the incident. SUF ¶ 42. Plaintiff Robert Jones did not suffer physical injuries from the incident but indicates that he has suffered mental stress and anxiety. SUF ¶ 40.

In support of their *Monell* claims, Plaintiffs cite only to a December 7, 2007 "Watch Commander's Service Comment Report"—which has not been provided to the Court—and the County's interrogatory responses, wherein the County states that the detention of Ruth Jones was conducted in accord with Los Angeles County Sheriff's procedure. SGI ¶¶ 43-44; Plaintiffs' Exhibit V.

## III. LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

under the governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party. The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (citing *Celotex*, 477 U.S. at 322).

When the moving party meets its burden, the "opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment will be entered against the opposing party if that party does not present such specific facts. *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*, 477 U.S. at 255). But the non-moving party must come forward with more than "the mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

Simply because the facts are undisputed does not make summary judgment appropriate. Instead, where divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper. *Braxton-Secret v. A.H. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985).

## IV. DISCUSSION

### A. The Section 1983 Claim Against the Officers (Claim One)

It is undisputed that the officers ordered Plaintiffs out of their home at gunpoint and handcuffed them while they conducted a warrantless search of their home. Warrantless in-home searches and seizures are presumptively invalid, with only a small number of exceptions. *See Payton v. New York*, 445 U.S. 573, 583-90 (1980).

Here, Defendants argue that their search of the home and detention of Defendants was justified under the exigent circumstances exception to the warrant requirement. "Exigency has been defined as those circumstances that would cause a reasonable person to believe that entry was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. Alfonso*, 759 F.2d 728, 742 (9th Cir. 1985) (quotation omitted). When the government relies on the exigent circumstances exception, it must "satisfy two requirements: first, the government must prove that the officer had probable cause to search the house; and second, the government must prove that exigent circumstances justified the warrantless intrusion." *United States v. Johnson*, 256 F.3d 895, 905 (9th Cir. 2001).

"Probable cause requires 'a reasonable belief, evaluated in light of the officer's experience and the practical considerations of everyday life that the suspect[] . . . committed a crime and [is] to be found in the place to be searched.'" *United States v. George*, 883 F.2d 1407, 1412 (9th Cir. 1989) (quoting *United States v. Robertson*, 606 F.2d 853, 858 (9th Cir. 1979). Here, an eyewitness had positively identified a van outside Plaintiffs' home and registered to Plaintiffs as being the one used in a robbery two hours earlier. Probable cause may exist where the source of information is "an eyewitness to the crime," even "in the absence of an independent showing of the reliability of the source," presuming "that the witness is fairly certain of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

identification." *United States v. Hammond*, 666 F.2d 435, 439 (9th Cir. 1982) (finding probable cause to arrest based on identifying information provided by an eyewitness). Plaintiffs attempt to dispute the reasonableness of the officers' reliance on Ms. Jacobson's identification by offering Robert Jones's declaration that the wheels of the van were covered in leaves and cobwebs and clearly had not moved in several days, but this alone is insufficient to render unreasonable the officers' beliefs that the suspects who had committed the Cigs Two robbery were in the Jones residence.[4]

Nonetheless, Defendants have failed to show that exigent circumstances justified the warrantless intrusion. "[B]ecause '[e]xigent circumstances necessarily imply that there is insufficient time to get a warrant,' . . . 'the government must also show that a warrant could not have been obtained in time.'" *United States v. George*, 883 F.2d 1407, 1412 (9th Cir. 1989) (citations deleted). Defendants here have made no such showing.

The *George* case is instructive. 883 F.2d at 1412-1415. In that case, officers arrived at the apartment of an armed robbery suspect. They surrounded the apartment to conduct surveillance. Despite a finding by the court that the officers had probable cause to believe that the suspect had committed the armed robbery and was inside his apartment, the Ninth Circuit found that exigent circumstances did not justify the warrantless entry into his apartment. The court noted that "the typical exigencies arise in a home arrest situation because the arresting officers reasonably believe that the suspects either know or will learn at any moment that they are in immediate danger of apprehension." *Id.* at 1412. The court explained, "Suspects who are inside their homes and unaware of their impending arrests generally have no reason immediately to flee, . . . nor would they ordinarily have any reason immediately to destroy the fruits of their crime. . . . Likewise, without more there is little reason for them to endanger the lives of themselves or others." *Id.* at 1413. Consequently, officers who have no reason to believe that the suspects are aware of their immediate capture "can, without great difficulty, maintain surveillance of the premises, . . . and either wait to effectuate a valid public arrest when the suspects emerge, . . . or seek an arrest warrant from a neutral and detached magistrate." *Id.* at 1413-14.

---

[4]But that is not necessarily the same as probable cause that *everyone* in the residence was responsible for the robbery.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

Here, the officers achieved full surveillance of the house, with all three exits covered. SGI ¶¶ 23-24. Defendants offer no evidence to show that the occupants of the house had become aware of an impending arrest. In fact, Plaintiffs offer evidence that the officers did not observe anything consistent with the distress of any person, the destruction of evidence, or anyone attempting to leave the house or van. SGI ¶ 51. Plaintiffs also offer evidence that the officers knew of the availability of a procedure to obtain warrants in the field, but still did not attempt to obtain a warrant to search Plaintiffs' house. SGI ¶¶48, 50. Defendants have not shown the sufficient exigency to counter the strong presumption against warrantless searches of a home.

Nor do the Defendants enjoy qualified immunity from this claim. Public officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). The right to protection against in-home warrantless searches is a fundamental tenet of the Fourth Amendment, of which the officers should reasonably have known, and the contours of exigency requirement as explained here have been laid out at least since *George* in 1989. Qualified immunity does not apply.

For these reasons, Defendants' motion for summary judgment on count one for violation of section 1983 by the individual officers must be denied.

### B. The *Monell* Claim Against the County (Claim One)

In order to establish liability against a municipality under *Monell*, a plaintiff must show not only the underlying constitutional violation, but also that the plaintiff's injuries were inflicted pursuant to an official county policy or custom. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690-94 (1978). The custom need not be formal, but "proof of random acts or isolated events are insufficient to establish custom." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989). "Only if a plaintiff shows that his injury resulted from a permanent and well-settled practice may liability attach for injury resulting from a local government custom." *Id.* at 1444 (internal quotation omitted).

Here, Plaintiffs have produced no evidence that there is an official Sheriff's

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

Department policy or widespread practice to conduct warrantless searches in non-exigent circumstances. The only evidence of any custom or practice that has been presented to the Court is an interrogatory response, wherein the County states that the detention of Ruth Jones was conducted in accord with the Los Angeles County Sheriff's procedure. This is insufficient in and of itself to establish a violation of *Monell*, but Defendants' own reliance on that assertion entitles Plaintiffs to attempt to prove at trial that it was the Sheriff's policies and procedures that caused their injuries. It is, therefore, inappropriate to dispose of this issue on summary judgment.

### C.   The State Claims (Claims Two Through Six)

Plaintiffs also bring claims under state law for: A) violation of Cal. Civ. Code § 52.1 (claim two); B) false arrest (claim three); C) battery (claim four); D) negligence (claim five); and E) intentional infliction of emotional distress (claim six).

Defendants offer a number of arguments for why they should be granted summary judgment on these claims. First, they contend, Cal. Gov. Code §§ 815.2(b) and 821.6 immunize all Defendants from all of Plaintiffs' state claims. Section 815.2(b) provides, "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Section 821.6 provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Thus, in order for the officers to receive this immunity, they must have been acting within the scope of their employment, and the injuries must have been "caused by acts committed by the officers to institute or prosecute a judicial or administrative proceeding." *See Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 1209 (Ct. App. 1994). Contrary to Plaintiffs' assertions, charges need not be filed for investigating officers to receive this immunity. *See Id.* at 1210 ("Because investigation is 'an essential step' toward the institution of formal proceedings, it 'is also cloaked with immunity.'") (quoting *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1436-37 (Ct. App. 1988))).

Defendants have presented uncontroverted evidence that the officers were acting in the scope of their employment with the County when they caused Plaintiffs' injuries.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

SUF ¶¶ 45-46. Thus, Defendants are entitled to immunity under Cal. Gov. Code §§ 815.2(b) and 821.6 as to Plaintiffs' claims for violation of Cal. Civ. Code § 52.1, battery, negligence, and intentional infliction of emotional distress. However, a specific exception applies in Cal. Gov. Code § 820.4, such that "[u]nder California law, a police officer may be held liable for false arrest and false imprisonment." *See Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 757 (1997). Thus, Defendants are not entitled to immunity on the false arrest claim.

Under California statute, "[t]here shall be no civil liability on the part of, and no cause of action shall arise against, any peace officer . . . acting within the scope of his or her authority, for false arrest . . . [if] [t]he arrest was lawful, or the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful." Cal. Penal Code § 847(b)(1). A warrantless arrest is lawful when "[t]he officer has probable cause to believe that the person to be arrested has committed a felony, whether or not a felony, in fact, has been committed." Cal. Penal Code § 836; *see Hamilton v. City of San Diego*, 217 Cal. App. 3d 838, 843-44 (Ct. App. 1990) (discussing the statutory scheme for liability for false arrest without a warrant).

As discussed above, the officers had probable cause to believe the van—registered to Robert Jones and parked in front of his house—was involved in an armed robbery (a felony) earlier that day. However, this does not mean that the officers had probable cause to believe that Plaintiff Ruth Jones, who did not fit the description of any of the suspects, had committed a felony. Yet she was forcibly detained, handcuffed, and allegedly injured. Therefore, the Court denies summary judgment for Defendants on her false arrest claim (claim three).

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment. The Court GRANTS the motion as to claims two, three (as to Robert Jones), four, five, and six—the state tort claims—but DENIES it as to claims one and three (as to Ruth Jones)—for violations of 42 U.S.C. § 1983 by the individual officers and the County and for false arrest (as to Ruth Jones).

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7444 AHM (AJWx) | Date | November 11, 2009 |
|---|---|---|---|
| Title | RUTH JONES, *et al.* v. THE COUNTY OF LOS ANGELES, *et al.* | | |

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | se |  |